MARY V. MOORE *vs.* ST. PAUL ICE Co. *et al.*

Submitted on briefs Nov. 1, 1894.    Affirmed Nov. 5, 1894.

No. 8977.

**Estoppel.**

*Held*, that the answer does not state a defense.

Appeal by Manufacturers Investment Company, a corporation, from an order of the District Court of Ramsey County, *Chas. E. Otis*, J., made January 30, 1894, sustaining a demurrer to its answer.

The defendant the St. Paul Ice Company is a corporation created under the laws of this state and is insolvent. The plaintiff Mary V. Moore recovered judgment against it April 13, 1893, for $2,131.15 and an execution thereon was returned unsatisfied. She then commenced this action against it and all its stockholders under 1878 G.

S. ch. 76, §§ 9, 15, in behalf of herself and all other creditors of the corporation who should come in and be made parties with her. The Manufacturers Investment Company was one of the stockholders of the St. Paul Ice Company and held $5,000 of its stock, and was made one of the defendants in the action. An order was made under § 23 limiting the time for creditors to come into the action.

Nicholas Hardy, Robert H. Seng and Paul A. Lavallee were copartners in business and as such were creditors of the St. Paul Ice Company. On application to the court they were in due time admitted as parties plaintiff in the action with Mary V. Moore. They then filed their complaint stating facts showing that the St. Paul Ice Company is indebted to them $2,624.90 on contract, that it was incorporated January 1, 1891, with a capital stock of $50,000 divided into shares of $10 each, that the Manufacturers Investment Company held and owned five hundred of these shares and the other defendants the residue, that the stock has been fully paid up and the money lost, that the St. Paul Ice Company has no property or assets. They prayed judgment that the St. Paul Ice Company is indebted to them $2,624.90 and interest, that its stockholders be required to pay into court or to a receiver an amount equal to the face value of their several holdings of stock. That the money be distributed ratably among its creditors and that they have other appropriate relief.

The defendant the Manufacturers Investment Company answered this complaint and stated, first, that Hardy, Seng and Lavallee were as copartners indebted to the St. Paul Ice Company in a large sum upon contract sufficient to pay its debts and which the receiver should collect before calling upon stockholders; second, that Lavallee on January 3, 1893, purchased of the St. Paul Ice Company all its assets and agreed to pay therefor $26,075.43 by paying the notes and obligations of the corporation to that amount, that he made the purchase for the account and benefit of his firm and that the members of the firm took possession of the property so purchased and continued the business, that Lavallee was up to the date of his purchase the secretary of the St. Paul Ice Company, that to induce it to sell its assets to him he presented to its board of directors a schedule of its debts and liabilities and stated that they did not exceed $26,075.43, that the board believed the statement and made the sale

in reliance thereon, that the property so sold was greater in value than the gross sum of all the debts and liabilities of the corporation, that the sale would not have been made, if Lavallee's said representations had not been made, that Hardy, Seng and Lavallee are thereby estopped from recovering their said claims from the stockholders of the St. Paul Ice Company.

To this second answer Hardy, Seng and Lavallee demurred. The court sustained the demurrer, saying: "It is alleged that a representation was made as to the amount of the Ice Company's indebtedness, that the representation was untrue, that it was material and acted on by the board of directors. It is not alleged that the representation was fraudulently made or that it was not made innocently through mistake or ignorance and in the utmost good faith, and without negligence or that the party making the representation was bound to know the fact. An essential element of an estoppel is wanting and the matter as pleaded constitutes no defense without regard to whether the representation was material or not. It may be further observed that the only representation set up is simply by way of inference from the fact that Lavallee presented to the directors a statement of the corporate assets and liabilities. It is not alleged that he vouched for its correctness or made any statement concerning it, or had anything to do with making it up, or had any knowledge as to its truth or falsity, or did or omitted to do any act or thing which he ought to have done or to have omitted whereby the directors were in any manner misled."

The Manufacturers Investment Company, feeling aggrieved, appeals from the order sustaining the demurrer.

*Kueffner, Fauntleroy & Searles,* for appellant, cited *Pence* v. *Arbuckle,* 22 Minn. 417; *Coleman* v. *Pearce,* 26 Minn. 123; *Beebe* v. *Wilkinson,* 30 Minn. 548; *Manufacturers' and Traders' Bank* v. *Hazard,* 30 N. Y. 226; *Blair* v. *Wait,* 69 N. Y. 113; *Seale* v. *Baker,* 70 Tex. 283.

*Henry C. James,* for respondents.

To establish an estoppel there must have been a representation of material facts; the representation must have been untrue and made with knowledge of its falsity; it must have been made with the inten-

tion that the other party should act upon it.  *De Mill* v. *Moffat,* 49 Mich. 125; Bigelow, Estoppel, 480.

MITCHELL, J.   This was an action or proceeding under 1878 G. S. ch. 76, § 9, against the St. Paul Ice Company, an insolvent corporation, and its stockholders, to sequestrate the corporate assets, and enforce the personal liability of the stockholders for the benefit of creditors.

Among the claims presented against the corporation was one in favor of a copartnership composed of Hardy, Seng, and Lavallee. Certain of the defendant stockholders interposed defenses to this claim, one of which was set up as an estoppel.   This appeal is from an order sustaining a demurrer to this defense.   Aside from the allegations that Lavallee was the secretary of the corporation, and that the partnership referred to, through Lavallee, purchased the entire assets of the corporation for $26,075, to be applied in paying the corporate debts, the substance of the defense demurred to is that, to induce the ice company to sell its assets to the firm, Lavallee stated to its board of directors that its debts did not exceed the above-mentioned sum; that the board believed his statement, and made the sale in reliance thereon; that the sale would not have been made if Lavallee had not made that representation; and that the firm is thereby estopped from collecting their claims from the stockholders.

It can hardly require more than the reading of this part of the answer to show that it sets up no defense.   The facts stated hardly contain a single element of equitable estoppel.   Above and beyond the reasons suggested by the learned trial judge in his memorandum, and others which might be suggested, why this part of the answer states no defense, there is one which seems to us entirely conclusive.   If the answer states any representation as having been made by Lavallee to the board of directors, it was that the indebtedness of the corporation did not exceed $26,075.   This is the very most that can be spelled out of the allegations of the answer.   But we have been unable to discover any allegation that this representation, if made, was not strictly true.

Order affirmed.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 816.)